

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00052-CV

---

TEXAS DEPARTMENT OF CRIMINAL JUSTICE–CORRECTIONAL
INSTITUTIONS DIVISION, APPELLANT

V.

FRANCISCO ESPINOZA, APPELLEE

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2021544735, Honorable Les Hatch, Presiding

---

June 29, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"It's not having what you want.  It's wanting what you've got."[1]

In this appeal from an order granting, in part, its plea to the jurisdiction, the Texas Department of Criminal Justice–Correctional Institutions Division wants what it already got.  That was a dismissal of a claim asserted by Francisco Espinoza involving the

---

[1] SHERYL CROW, *Soak Up the Sun*, *on* C'MON, C'MON (A & M Records 2002).

absence of seatbelts while being driven in a van. Others implicating the negligent way in which the TDCJ employee drove the van were not dismissed. We affirm.

The dispute arose from the transport by TDCJ of Espinoza "for non-emergency care." As alleged in his original petition, "suddenly and without warning the transport van stopped violently throwing Plaintiff forward because he had not been restrained in his seat by state employees named Sandoval and Corpus." "Since Plaintiff was shackled, he could not protect himself as he was thrown forward and sustained" injuries. "[T]his non-use of seatbelts or similar safety equipment subjects Defendant to liability under the Texas Tort Claims Act 101.001 Tex. Civ. Prac. & Rem. Code." "The Defendant's employees, while acting within the scope of their employment, were (1) negligent regarding the use or misuse of tangible personal property and/or through furnishing Plaintiff with inadequate or defective tangible personal property and (2) negligent regarding their implementation of policy," asserted Espinoza. Furthermore, the "tangible property included but is not necessarily limited to seatbelts in the transport vehicle which were removed and/or defective and/or not used by Defendant's employees." Those were the live allegations when the TDCJ filed it plea to the jurisdiction.

With the plea, the State argued that "decisions regarding the installation of safety features [were] discretionary determinations by a governmental unit and for which a governmental unit [was] entitled to sovereign immunity." Such safety measures included the installation of seatbelts or like restraint in the back of a transport van. Thus, § 101.056 of the Texas Civil Practice and Remedies Code retained the cloak of sovereign immunity and barred Espinoza from proceeding, it believed.[2] Upon hearing the plea, the trial court

---

[2] The statute provides that governmental entities retain immunity regarding "a claim based on: (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or (2) a

agreed and dismissed Espinoza's "allegations that Defendant failed to fasten [existing] seatbelts around [him] . . . (unless such belting is required by law), and [his] allegation the Defendant used a transport vehicle that lacked seatbelts (unless the existence of such belts is required by law)." It allowed the other claims to remain pending. TDCJ wanted more. It appealed and continues to urge the same argument.

As said by the Supreme Court, "[w]hen . . . no special exception is made, we liberally construe the pleadings in the pleader's favor." *Bos v. Smith*, 556 S.W.3d 293, 305–06 (Tex. 2018). The TDCJ did not specially except to Espinoza's live pleading. So, using the mantra in *Bos* to guide us, we see that much of what Espinoza complained of encompassed the absence of seatbelts or passenger restraints. But, there was more. He also alluded to the manner in which the driver operated the vehicle. Allegedly, the operator "suddenly and without warning . . . stopped violently." That act purportedly caused Espinoza to be thrown forward and suffer injuries.

We see a combination of events and complaints underlying the suit. One encompasses negligence regarding the way the driver operated the van and the other concerns negligence attributable to the absence of seatbelts. Apparently, the trial court read the petition as also averring an instance of negligence unrelated to missing restraints. Via one question, it asked defense counsel: "But does the Plaintiff allege negligence on the part of the driver in braking or stopping suddenly or something along those lines that caused him to be thrown forward?" Additionally, Espinoza's counsel reenforced this construction of his pleading, at the hearing. He focused on the way the

governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.056(1)–(2).

driver drove and its result, not the lack of seatbelts. So too did he invite the TDCJ to file special exceptions, move for summary judgment, or call if it cared for more information "about some of the allegations in the petition."

Espinoza did not wait for that call. Once the trial court granted part of the jurisdictional plea, he amended his petition. Again, he alluded to the driver stopping violently and without warning. The result of which included his being thrust forward due to the lack of restraints. He also added that "[t]he driver of . . . was negligent in failing to keep a proper lookout, speeding and failing to safely slow down without throwing Plaintiff forward."[3]

Next, statute provides that the government is liable for, among other things, personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if the injury arose from the operation or use of a motor-driven vehicle. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). There need only be a nexus between the injury and operation of the vehicle; that is, its operation must "'actually cause'" the alleged injury. *PHI, Inc. v. Tex. Juvenile Dep't*, 593 S.W.3d 296, 302 (Tex. 2019) (quoting *Tex. Nat. Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001)). If negligently failing to apply the brakes of a non-moving vehicle falls with the realm of operating it, *see id.* at 306 (so holding), then applying them in a negligent way while the vehicle moves with passengers certainly is. And, that is an

---

[3] We do not hesitate to consider the amended petition. Had the trial court cared to dismiss the entire suit, it would have been obligated to afford Espinoza opportunity to amend his pleading to assert a viable claim, if such a claim existed. *See Paxton v. Dolcefino Communs., LLC*, No. 07-20-00279-CV, 2021 Tex. App. LEXIS 8052, at *7–8 (Tex. App.—Amarillo Sept. 30, 2021, no pet.) (mem. op.) ("When a plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be allowed the opportunity to amend."). So, it can be said that by amending his petition to expound upon his negligence claim, Espinoza did that to which he was otherwise entitled, and we need not ignore it.

4

aspect of Espinoza's complaint, irrespective of the presence of seatbelts or like restraints. Because it is, we also reject the TDCJ's supposition that *Dallas County v. Garcia*, No. 05-18-01038-CV, 2019 Tex. App. LEXIS 6680 (Tex. App.—Dallas Aug. 1, 2019, no pet.) (mem. op.), mandates dismissal of the entire suit.

In that case, Garcia was injured when being transported by Dallas County sheriff deputies. Upon suing the County, he alleged that it "'did not secure him or otherwise restrain him,' and 'Defendant's erratic driving caused [Garcia] to be thrown about the back of the vehicle and break a vertebrae in his neck.'" *Garcia*, 2019 Tex. App. LEXIS 6680, at *1–2. So, in his view, the County "was 'negligent in failing to restrain [Garcia] **and** operate the transport vehicle in a reasonably prudent manner.'" *Id.* (emphasis added). Furthermore, the trial court denied the County's claim of immunity asserted via to its plea to the jurisdiction. On appeal, the court agreed with the County that its "decision about what type of safety device to put in its vans was a discretionary decision for which the County retains immunity." *Id.* at *7. But, contrary to the TDCJ's urgings here, it did not dismiss the entire suit. Instead, the panel "conclude[d] the trial court erred in denying the County's plea to the jurisdiction on Garcia's ***claims involving restraints***." *Id.* at *8 (emphasis added). Then, it rendered judgment "granting the County's plea . . . and dismissing . . . Garcia's claims ***regarding the County's use of restraints***." *Id.* (emphasis added). However, it remanded the appeal "for further proceedings on Garcia's remaining claims." *Id.* The remaining claim was that involving the operation of "the transport vehicle in a reasonably prudent manner." In short, the entire suit was not dismissed; a negligence claim focused on the way the driver operated the van was allowed to proceed.

Here, the trial court followed *Garcia*, just as the TDCJ asked it to. It dismissed one claim founded upon the absence of seatbelts and retained another involving the operation of the van. We find no fault in that. The mistake occurs with the TDCJ's reading into *Garcia* that which was missing.

To reiterate "it's not having what you want" but "wanting what you've got." Here, the TDCJ got what it wanted: compliance with *Garcia*. Consequently, we overrule the sole issue before us and affirm the trial court's order granting and denying, in part, the plea to the jurisdiction.

Brian Quinn
Chief Justice